**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| MAHSA TAHRIRI-ADABI, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> EQUIFAX INFORMATION SERVICES, : <br> LLC, *et al.*, : <br> : <br> Defendant. : <br> _____: | Case No. PWG 16-0432 |

**PLAINTIFF'S RULE 26(a)(1)(A)(iii) Disclosure**

COMES NOW the Plaintiff, Mahsa Tahriri-Adabi, by counsel, pursuant to Rule 26(a)(1)(a)(iii) and the Court's March 15, 2016 Discovery Order (Dkt. No. 10-1), and makes the following damages disclosures:

**I.   Computation of Damages**

**A. Economic Damages and Specific Instances of Credit Denial**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports and decreased credit scores as a result of the inaccurate information contained in her credit files. In particular, Plaintiff was denied a home loan in June 2015 from First Loan Mortgage Corporation. As a result, Plaintiff was unable to purchase her dream home—an end unit townhouse located at 2 Town Commons Ct., Germantown, Maryland 20874. The property sold at a foreclosure sale on or around July 10, 2015 for $327,000, which was $100,000 under market value. Plaintiff seeks to recover the $100,000 from Defendants. Additionally, Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with their statutory

obligations. Plaintiff makes $25 an hour and estimates that she has spent at least 7 hours attempting to clear her name.

**B.      Non-economic Damages**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.  *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

**Categories and types of Actual Damages**

    i.    Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
    ii.    Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.
    iii.    Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
    iv.    Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.
    v.    Plaintiff has suffered general damages in the form of damage to reputation.
    vi.    Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
    vii.    Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the inaccurate information contained in his credit report.
    viii.    Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.
    ix.    Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements:

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc*., 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*,  (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

**C.     Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).  Punitive damages will be proven through the Plaintiff's testimony, that of her expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

**Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);
>
> *Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict

5

for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Saunders v. Branch Banking and Trust Co., of Virginia,* 526 F. 3d 142 (4th Cir. 2008) Fourth Circuit affirmed jury award under FCRA of $1,000 statutory damages and $80,000 punitive damages)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

Plaintiff reserves the right to further supplement these disclosures.

                                               Respectfully submitted,
                                               **MAHSA TAHRIRI-ADABI**

                                               By: _/s/ *Kristi C. Kelly*_____
                                                             Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

| | |
|---|---|
| Nathan Daniel Adler<br>Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.<br>One South Street, 27th Floor<br>Baltimore, Maryland 21202-3201<br>(410) 332-8516<br>(410) 332-8517 – Fax<br>nda@nqgrg.com<br>*Counsel for Equifax Information Services, LLC* | Ronald S. Canter<br>Birgit Dachtera Stuart<br>200A Monroe Street, Suite 104<br>Rockville, Maryland 20850<br>Telephone: (301) 424-7490<br>Facsimile: (301) 424-7470<br>bstuart@roncanterllc.com<br>*Counsel for Defendant First Point Collection Resources, Inc.* |

 /s/ *Kristi C. Kelly*_____
Kristi Cahoon Kelly, Esq. (No. 07244)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
Counsel for Plaintiff