**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | | |
|---|---|---|
| Mahsa Tahriri-Adabi, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:16-cv-00432-PWG |
| | ) | |
| Equifax Information Services, LLC,  and | ) | |
| FirstPoint Collection Resources, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT FIRSTPOINT COLLECTION RESOURCES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant FirstPoint Collection Resources, Inc. ("FirstPoint"), as and for its Answer to

the complaint ("Complaint") of Mahsa Tahriri-Adabi ("Plaintiff"), in the above-entitled matter,

denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this

Answer, and states and alleges as follows:

**RESPONSE TO PRELIMINARY STATEMENT**

1.   Responding to Paragraph 1 of Plaintiff's Complaint, FirstPoint admits Plaintiff

brings an action against it for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §

1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

("FDCPA").  FirstPoint denies all allegations that FirstPoint violated any law, demands strict

proof thereof, and denies Plaintiff is entitled to any recovery.

**RESPONSE TO JURISDICTION**

2.      Responding to Paragraph 2 of Plaintiff's Complaint, FirstPoint admits federal

jurisdiction is proper; however, FirstPoint denies all alleged violations of the FCRA, the FDCPA,

and any other law, and demands strict proof thereof.

1

3.      Responding to Paragraph 3, to the extent Plaintiff alleges residence in this District, FirstPoint admits venue is proper.

**RESPONSE TO PARTIES**

4.      Responding to Paragraph 4, FirstPoint admits that Plaintiff is a natural person. FirstPoint lacks knowledge or information sufficient to admit or deny the remaining allegations, denies same and demands strict proof thereof.

5.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies the same.

6.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies the same.

7.      Responding to Paragraph 7, FirstPoint admits it is a North Carolina corporation. FirstPoint admits that, at certain times and within certain circumstances, it collects consumer debts due another.  The remaining allegations state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

**RESPONSE TO FACTS**

8.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, denies the same, and demands strict proof thereof.

9.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, denies the same, and demands strict proof thereof.

10.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, denies the same, and demands strict proof thereof.

11.      FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, denies the same, and demands strict proof thereof.

12. FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, denies the same, and demands strict proof thereof.

13. FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, denies the same, and demands strict proof thereof.

14. FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, denies the same, and demands strict proof thereof.

15. FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, denies the same, and demands strict proof thereof.

16. FirstPoint denies the allegations in Paragraph 16 of the Complaint, and hereby demands strict proof thereof.

17. FirstPoint denies the allegations in Paragraph 17 of the Complaint, and hereby demands strict proof thereof.

18. FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, denies the same, and demands strict proof thereof.

19. Responding to Paragraph 19, FirstPoint admits that, at specific times, and under specific circumstances it attempts to collect debts asserted to be due another. FirstPoint denies all remaining allegations set forth in Paragraph 19 and demands strict proof thereof.

20. Responding to Paragraph 20, FirstPoint admits that, at specific times, and under specific circumstances it attempts to collect debts asserted to be due another. FirstPoint denies all remaining allegations set forth in Paragraph 20 and demands strict proof thereof.

21. Responding to Paragraph 21, FirstPoint admits that, at specific times, and under specific circumstances it attempts to collect debts asserted to be due another. The remaining

allegations state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

22.     Responding to Paragraph 22, FirstPoint admits that it adheres to the requirements of the FDCPA regarding correspondence with consumers.  FirstPoint denies all remaining allegations set forth in Paragraph 22 and demands strict proof thereof.

23.     Responding to Paragraph 23, FirstPoint admits to providing verification of debts upon written request from consumers. The remaining allegations state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

24.     FirstPoint denies the allegations in Paragraph 24 of the Complaint, and hereby demands strict proof thereof.

**RESPONSE TO COUNT ONE**
**(Violation of 15 U.S.C. § 1681e(b))**
***(EQUIFAX)***

25.     FirstPoint restates and incorporates its responses to paragraphs 1 through 24 as though fully stated herein.

26.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, denies the same, and demands strict proof thereof.

27.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27, denies the same, and demands strict proof thereof.

28.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, denies the same, and demands strict proof thereof.

29.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29, denies the same, and demands strict proof thereof.

4

## RESPONSE TO COUNT TWO
### (Violation of 15 U.S.C. § 1681i(a)(1))
### (*EQUIFAX*)

30.     FirstPoint restates and incorporates its responses to paragraphs 1 through 29 as though fully stated herein.

31.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31, denies the same, and demands strict proof thereof.

32.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32, denies the same, and demands strict proof thereof.

33.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33, denies the same, and demands strict proof thereof.

34.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34, denies the same, and demands strict proof thereof.

## RESPONSE TO COUNT THREE
### (Violation of 15 U.S.C. § 1681i(a)(2))
### (*EQUIFAX*)

35.     FirstPoint restates and incorporates its responses to paragraphs 1 through 34 as though fully stated herein.

36.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36, denies the same, and demands strict proof thereof.

37.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37, denies the same, and demands strict proof thereof.

38.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38, denies the same, and demands strict proof thereof.

39.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39, denies the same, and demands strict proof thereof.

**RESPONSE TO COUNT FOUR**
**(Violation of 15 U.S.C. § 1681i(a)(4))**
***(EQUIFAX)***

40.     FirstPoint restates and incorporates its responses to paragraphs 1 through 39 as though fully stated herein.

41.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41, denies the same, and demands strict proof thereof.

42.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42, denies the same, and demands strict proof thereof.

43.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43, denies the same, and demands strict proof thereof.

44.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44, denies the same, and demands strict proof thereof.

**RESPONSE TO COUNT FOUR**
**(Violation of 15 U.S.C. § 1681i(a)(5))**
***(EQUIFAX)***

45.     FirstPoint restates and incorporates its responses to paragraphs 1 through 44 as though fully stated herein.

46.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46, denies the same, and demands strict proof thereof.

47.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47, denies the same, and demands strict proof thereof.

48.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48, denies the same, and demands strict proof thereof.

49.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49, denies the same, and demands strict proof thereof.

### RESPONSE TO COUNT SIX
### (Violation of 15 U.S.C. § 1681S-2(B)(1)(A))
### (*FIRSTPOINT*)

50.     FirstPoint restates and incorporates its responses to paragraphs 1 through 49 as though fully stated herein.

51.     FirstPoint denies the allegations in Paragraph 51 of the Complaint, and hereby demands strict proof thereof.

52.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52, denies the same, and demands strict proof thereof.

53.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53, denies the same, and demands strict proof thereof.

54.     FirstPoint admits that ACDV is a method by which it receives consumer disputes, and denies the remaining allegations contained in Paragraph 54, and demands strict proof thereof.

55.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55, denies the same, and demands strict proof thereof.

56.     FirstPoint denies the allegations in Paragraph 56 of the Complaint, and hereby demands strict proof thereof.

57.     FirstPoint denies the allegations in Paragraph 57 of the Complaint, and hereby demands strict proof thereof.

58.     FirstPoint denies the allegations in Paragraph 58 of the Complaint, and hereby demands strict proof thereof.

59.     FirstPoint denies the allegations in Paragraph 59 of the Complaint, and hereby demands strict proof thereof.

60.     FirstPoint denies the allegations in Paragraph 60 of the Complaint, and hereby demands strict proof thereof.

61.     FirstPoint denies the allegations in Paragraph 61 of the Complaint, and hereby demands strict proof thereof.

62.     Responding to Paragraph 62, FirstPoint denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

**RESPONSE TO COUNT SEVEN**
**(Violation of 15 U.S.C. § 1681s-2(b)(1)(B))**
**(*FIRSTPOINT*)**

63.     FirstPoint restates and incorporates its responses to paragraphs 1 through 62 as though fully stated herein.

64.     FirstPoint denies the allegations in Paragraph 64 of the Complaint, and hereby demands strict proof thereof.

65.     FirstPoint denies the allegations in Paragraph 65 of the Complaint, and hereby demands strict proof thereof.

66.     FirstPoint admits that it is aware that CRA's utilize dispute codes, but lacks knowledge or information sufficient to form a belief as to the meaning "the several  dispute codes" as that phrase is used in the allegations contained in Paragraph 66, and therefore denies the same, and demands strict proof thereof.

67.     FirstPoint admits to the general appropriateness of the CRA's use of the ACDV system.  FirstPoint further responds that the allegations in Paragraph 67 are not directed at the facts of this case, and denies Paragraph 67's application or relevance to the particular facts of this case.

68.     FirstPoint denies the allegations in Paragraph 68 of the Complaint, and hereby demands strict proof thereof.

69.     FirstPoint denies the allegations in Paragraph 69 of the Complaint, and hereby demands strict proof thereof.

70.     Responding to Paragraph 70, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

71.     Responding to Paragraph 71, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

72.     Responding to Paragraph 72, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

### RESPONSE TO COUNT EIGHT
### (Violation of 15 U.S.C. § 1681s-2(b)(1)(C) and (D))
### (*FIRSTPOINT*)

73.     FirstPoint restates and incorporates its responses to paragraphs 1 through 72 as though fully stated herein.

74.     FirstPoint denies the allegations in Paragraph 74 of the Complaint, and hereby demands strict proof thereof.

75.     FirstPoint lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75, denies the same, and demands strict proof thereof.

76.     FirstPoint denies the allegations in Paragraph 76 of the Complaint, and hereby demands strict proof thereof.

77.     FirstPoint denies the allegations in Paragraph 77 of the Complaint, and hereby demands strict proof thereof.

78.     FirstPoint denies the allegations in Paragraph 78 of the Complaint, and hereby demands strict proof thereof.

79.     Responding to Paragraph 79, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

80.     Responding to Paragraph 80, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

81.     Responding to Paragraph 81, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

## RESPONSE TO COUNT NINE
### (Violation of 15 U.S.C. § 1692e)
### (*FIRSTPOINT*)

82.     FirstPoint restates and incorporates its responses to paragraphs 1 through 81 as though fully stated herein.

83.     FirstPoint denies the allegations in Paragraph 83 of the Complaint, and hereby demands strict proof thereof.

84.     Responding to Paragraph 84, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

### RESPONSE TO COUNT TEN
### (Violation of 15 U.S.C. § 1692f)
### (*FIRSTPOINT*)

85.     FirstPoint restates and incorporates its responses to paragraphs 1 through 84 as though fully stated herein.

86.     FirstPoint denies the allegations in Paragraph 86 of the Complaint, and hereby demands strict proof thereof.

87.     Responding to Paragraph 87, FirstPoint denies all allegations that FirstPoint violated any law, demands strict proof thereof, and denies that Plaintiff is entitled to any relief regarding the claims in the Complaint.

88.     Responding to the Wherefore paragraph following Paragraph 87, FirstPoint requests all of the relief be denied, and the matter be dismissed with prejudice while providing FirstPoint any additional relief allowed by law.

89.     FirstPoint admits that the Complaint contains a jury demand.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted, and therefore Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which FirstPoint denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability against FirstPoint.

## THIRD DEFENSE

While FirstPoint denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then FirstPoint alleges such damage was not caused by FirstPoint, but was proximately caused or contributed to by the conduct of others for whom FirstPoint is not responsible or liable.

## FOURTH DEFENSE

Plaintiff's Complaint and purported claims are barred in whole or in part by the doctrine of consent and/or the Plaintiff's express consent.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part because FirstPoint at all times acted in a reasonable manner and in good faith.

## SIXTH DEFENSE

FirstPoint maintains policies and procedures that were in place at the times applicable to this litigation that address FirstPoint's communications with consumers and the other facts relevant to this litigation.  FirstPoint denies all liability.  If any liability were attributed to any action or inaction of FirstPoint, FirstPoint should not be held liable pursuant 15 U.S.C. § 1692k(c) and FirstPoint's maintenance of the applicable policies and procedures.

**SEVENTH DEFENSE**

To the extent Plaintiff has been damaged, which FirstPoint specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from FirstPoint.

**EIGHTH DEFENSE**

FirstPoint contends that it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff.  FirstPoint also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

**NINTH DEFENSE**

FirstPoint asserts that the causes of action alleged by Plaintiff are barred by the applicable statute of limitations.

**TENTH DEFENSE**

FirstPoint reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE,** FirstPoint prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against FirstPoint with prejudice and on the merits; and

2. awarding FirstPoint such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

/s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire, Bar No. 17420
Ronald S. Canter, Esquire, Bar No. 01024
The Law Offices of Ronald S. Canter, LLC
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
bstuart@roncanterllc.com
rcanter@roncanterllc.com
*Attorneys for Defendant*
*FirstPoint Collection Resources, Inc.*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below on the 31st day of March, 2016 by electronic mail through the Clerk of Court's ECF System addressed as:

Kristi Cahoon Kelly, Esq. (No. 07244)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
Tel: (703) 424-7576
Fax: (703) 591-0167
kkelly@kellyandcrandall.com
*Attorney for Plaintiff*

Nathan Daniel Adler, Esq. (No. 22645)
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
Tel: (410) 332-8516
Fax: (410) 322-8517
nda@nqgrg.com
*Attorney for Equifax Information Services LLC*

/s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire